Rick Augustini (State Bar No. 160934)
LAW OFFICE OF RICK AUGUSTINI
320 Seven Springs Way, Suite 250
Nashville, TN 37207
Telephone:      (615) 515-0911
E-Mail:         rick.augustini@gmail.com

California Office:
895 Dove Street, Suite 300
Newport Beach, CA  92660

Attorneys for Plaintiff
ONSITE NURSE CONCIERGE, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ERNEST MIKHAIL ALFON,<br><br>    Debtor.<br>_____<br><br>ONSITE NURSE CONCIERGE, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>ERNEST MIKHAIL ALFON, an individual,<br><br>    Defendant.<br>_____ | Bankruptcy Case No.  8:21-bk-11483-ES<br><br>Adversary Case No. 8:21-ap-01084-ES<br><br>Hon. Erithe A. Smith<br><br>Chapter 7<br><br>PLAINTIFF'S REPLY BRIEF IN CONNECTION WITH MOTION TO COMPEL FURTHER RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>Date:         March 3, 2022<br>Time:        2:00 p.m.<br>Courtroom:  5A |

# I.

# SUMMARY OF ARGUMENT

The Court should disregard the Opposition for what it is, i.e., a transparent and self-serving attempt by Defendant ERNEST MIKHAIL ALFON ("Defendant") and his attorney, Baruch Cohen, to avoid responsibility for their actions.[1]

Realizing they cannot defend their responses or their failure to meet and confer, Defendant and his attorney try to divert the Court's attention by: (a) falsely claiming that Plaintiff ONSITE NURSE CONCIERGE, LLC's ("Plaintiff") attorney is responsible for their actions; (b) falsely claiming that Plaintiff was required to file a joint statement even though they ignored its meet and confer letter for 6 weeks in violation of LBR 7026 (c)(2); and (c) incredulously demanding that the Court sanction Plaintiff.[2]

The vast majority of the Opposition also has nothing to do with the motion, e.g., Defendant and his attorney spent 11 pages discussing: (a) claims they plan to make at trial; and (b) discovery other than the request for production at issue in this motion.

Simply put, Defendant's strategy is a simple one: refuse to take responsibility for anything and sling a bunch of mud at Plaintiff in the hope that the Court will throw up its hands and say "both of you work it out."

Unfortunately for Defendant and his attorney, the relevant facts are undisputed:

1. Plaintiff served a straightforward request for documents regarding the claims and defenses in the adversary proceeding;

---

[1] As a preliminary matter, the Opposition violates LBR 9013-2(b), which provides: "Any brief exceeding 10 pages in length, excluding exhibits, must be accompanied by an indexed table of contents setting forth the headings and subheadings contained in the body thereof and by an indexed table of the cases, statutes, rules and other authorities cited."

[2] LBR 7026-1 (c)(2) provides: "Prior to the filing of any motion relating to discovery, the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, the opposing party must meet with the moving party within 7 days of service upon the opposing party of a letter requesting such meeting and specifying the terms of the discovery order to be sought."

2. Rather than <u>respond</u> in good faith, Defendant and his attorney cut and pasted a laundry list of boilerplate objections to <u>every single request</u>, including objections from an unrelated set of <u>interrogatory</u> responses; and

3. Defendant and his attorney thereafter ignored Plaintiff's attempt to meet and confer for <u>six weeks</u> in violation of LBR 7026 (c)(2) while <u>propounding</u> discovery and <u>demanding</u> information.

The fact that Defendant's attorney would try to blame his actions on a "serious health scare" even though he continued to <u>propound</u> discovery and <u>demand</u> information shows that he will say <u>anything</u> to avoid sanctions.

First, Defendant's attorney wants the Court to believe that the "serious health scare" only prevented him from <u>responding</u> to discovery, i.e., it had <u>absolutely no effect</u> on his ability to <u>propound</u> discovery or <u>demand</u> that Plaintiff (and others) provide information to <u>him</u>.

For example, on December 21, 2021, i.e., <u>the day before</u> Plaintiff requested that he meet and confer, Defendant's attorney demanded the "courtesy" of a response to one of <u>his</u> e-mails from a <u>few days</u> earlier.

Similarly, Defendant's attorney served Plaintiff with a <u>140-item request for production</u> on December 31, 2022, i.e., <u>a week after</u> Plaintiff requested that he meet and confer.

It therefore is clear that the "health" of Defendant's attorney had nothing to do with him ignoring Plaintiff for <u>six weeks</u>.

Second, Defendant's attorney did <u>not</u> say <u>anything</u> about his "health" until February 3, 2022, i.e., <u>after</u> Plaintiff had filed this motion. Any attempt by Defendant or his attorney to claim (or imply) otherwise is untrue.

It therefore is clear that Defendant's attorney made a <u>conscious decision</u> to ignore Plaintiff in the hope of gaining a litigation advantage.

Specifically:

- If Plaintiff chose <u>not</u> to spend a bunch of money preparing a joint stipulation, Defendant's frivolous responses would stand;

- If Plaintiff spent a bunch of money preparing a joint stipulation, he could agree to supplement some or all of Defendant's frivolous responses at <u>that</u> time, thereby forcing Plaintiff to incur a bunch of attorney fees <u>and</u> start over; and

- If Plaintiff filed a motion <u>unilaterally</u>, he would claim that it failed to comply with LBR 7026-1(c)(3).

To make matters worse, Defendant recently served a privilege log that: (a) is <u>yet another</u> cutting and pasting exercise; (b) fails to identify <u>any</u> specific documents; and (c) is devoid of "privacy" designations—which means that every single "privacy" objection was meritless and unnecessary.

For these reasons, among others, it is imperative that the Court grant this motion in its entirety and order Defendant and his attorney to pay <u>all</u> of the sanctions that Plaintiff requested, i.e., $19,125.00, which is more than reasonable under the circumstances.

If the Court fails to do so, it will be <u>rewarding</u> Defendant and his attorney for running up Plaintiff's attorney fees and incentivizing them to continue engaging in discovery abuse for the rest of the case.

## II.

## DEFENDANT DOES NOT EVEN TRY TO DEFEND ANY OF HIS RESPONSES

Defendant does not even try to defend any of his responses anywhere in his 20-page Opposition because he knows that:

- The boilerplate "prefatory statement" that he purported to "incorporate by reference" into <u>every single response</u> is indefensible;

- The boilerplate objections that he repeatedly cut and pasted from an unrelated set of <u>interrogatory responses</u> are indefensible;

- The boilerplate objections that he repeatedly cut and pasted from a treatise (without bothering to fill in the "blanks") are indefensible; and

- The boilerplate "calls for a legal conclusion" objections that he repeatedly cut and pasted (based on a case that says it is <u>not</u> a valid objection) are indefensible.

Defendant's failure to defend any of his responses in the Opposition represents an admission that each of his responses is deficient for the reasons stated in the moving papers and that Plaintiff is entitled to supplemental responses without objection.

3

## III.

## DEFENDANT'S ATTORNEY PROPOUNDED DISCOVERY AND DEMANDED INFORMATION FROM PLAINTIFF AND OTHERS THROUGHOUT HIS "SERIOUS HEALTH SCARE"

Defendant's attorney does not deny that he repeatedly <u>propounded</u> discovery and demanded that Plaintiff (and others) provide information to him the whole time he was ignoring Plaintiff's meet and confer letter in violation of LBR 7026 (c)(2). (Augustini Moving Dec., ¶16 and Ex. 7-16.)

Rather than accept <u>responsibility</u> for his actions, Defendant's attorney tries: (1) to blame Plaintiff for "not following up" with him; and (2) to claim that a "serious health scare" prevented him from meeting and conferring.

Each of these claims is frivolous.

First, Plaintiff is not required to "follow up" with Defendant's attorney. LBR 7026 (c)(2).

Second, the fact that Defendant's attorney continued to take <u>offensive</u> action led them to believe that he merely was ignoring them. (Augustini Moving Dec., ¶16 and Ex. 7-16.)

Third, Plaintiff's meet and confer letter clearly and indisputably complied with LBR 7026 (c)(2). (Augustini Moving Dec., Ex. 5.)[3]

Fourth, as noted above, Defendant's attorney <u>served</u> discovery and <u>demanded</u> information from Plaintiff (and others) <u>throughout</u> his "serious health scare." (Augustini Moving Dec., ¶16 and Ex. 7-16.)

For example, on December 21, 2021, i.e., <u>the day before</u> Plaintiff requested that he meet and confer, Defendant's attorney demanded the "courtesy" of a response to one of <u>his</u> e-mails from a <u>few days</u> earlier. (Augustini Moving Dec., ¶16 and Ex. 11.)

Similarly, Defendant's attorney served Plaintiff with a <u>140-item request for production</u> on December 31, 2022, i.e., <u>a week after</u> Plaintiff requested that he meet and confer. (Augustini Moving Dec., ¶16 and Ex. 14.)

---

[3] Any claim by Defendant's attorney to the contrary, or that Plaintiff <u>also</u> was required to call him, is frivolous. (<u>See</u> Opp. at 15:13-19.)

Fourth, Defendant's attorney did <u>not</u> say <u>anything</u> about any "health" issues until February 3, 2022, i.e., <u>after</u> Plaintiff had filed this motion when he demanded that Plaintiff withdraw it and start the meet and confer process over. (<u>See</u> Cohen Opp. Dec., Ex. 2.)

It therefore is clear that Defendant's attorney: (1) knew <u>exactly</u> what he was doing; (2) made a <u>conscious decision</u> to ignore Plaintiff in the hope that it would merely go away; and (3) tried to blame a "serious health scare" <u>after the fact</u> to try to avoid sanctions.

## IV.
## THE JOINT STATEMENT RULE (AND COMMON SENSE) PRESUME THAT THE MEETING OF COUNSEL TOOK PLACE

Realizing that they have no excuse for violating LBR 7026-1 (c)(2), Defendant and his attorney: (1) ask the Court to read LBR 7026-1 (c)(3) in a <u>vacuum</u>; and (2) claim (without any authority) that Plaintiff was required to circulate and submit a joint stipulation even after they ignored its meet and confer efforts for <u>six weeks</u> in violation of LBR 7026-1 (c)(2).

Put another way, Defendant and his attorney want the Court to believe that LBR 7026-1 (c)(3) is meant to give them (and every other party who violates LBR 7026-1 (c)(2) a <u>second chance</u> to meet and confer—<u>after</u> forcing Plaintiff to spend a bunch of time and money on a statement.

This claim fails for at least four reasons.

First, if the Court intended to require the moving party to submit a joint stipulation <u>even if the other side failed to meet and confer in violation of LBR 7026-1 (c)(2)</u>, it could have (and would have said so) in LBR 7026-1.

Second, the language of LBR 7026-1 (c)(3) presupposes that the meeting required by LBR 7026-1 (c)(2) took place: "<u>If the parties are unable to resolve the dispute</u>, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties." (Emphasis Added.) The <u>only way</u> the parties could end up being "unable to resolve the dispute" is <u>if the meeting of counsel was unsuccessful</u>.

Third, the language of LBR 7026-1 (c)(4) also presupposes that the meeting required by LBR 7026-1 (c)(2) took place: "The failure of any party <u>either</u> to cooperate in this procedure, to attend the

5
PLAINTIFF'S REPLY BRIEF IN CONNECTION WITH MOTION TO COMPEL FURTHER RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

meeting of parties, <u>or</u> to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of parties will result in the imposition of sanctions."

Fourth, if the rule was otherwise, the meet and confer requirement of LBR 7026-1 (c)(2) would become <u>meaningless</u>.  The receiving party could ignore the moving party's letter and wait to see if he/she/it sent him/her/it a joint statement.   If not, the receiving party's deficient responses would stand.  If so, the receiving party could agree to supplement at <u>that</u> time, i.e., <u>after</u> the sending party spent a bunch of money.  Either way, the receiving party would "win" by violating LBR 7026-1 (c)(2).

For these reasons, among others, it is clear that Plaintiff was <u>not</u> required to submit a joint stipulation after Defendant and his attorney ignored its meet and confer letter for <u>six weeks</u> in violation of LBR 7026-1 (c)(2).

## V.

## DEFENDANT'S CLAIMS REGARDING THE FORM AND SERVICE OF THE MOTION ARE MERITLESS

Defendant also claims that Plaintiff allegedly:  (1) failed to advise him that the Opposition was due 14-days before the hearing per LBR 9013-1(f); and (2) failed to include a "certification" per FRCP 37(a)(1).

The Court should reject these claims for what they are, i.e., makeweights designed to divert attention away from the <u>relevant</u> issues, i.e., that: (1) Defendant's responses are frivolous; (2) Defendant and his attorney <u>willfully violated</u> LBR 7026-1 (c)(2); and (2) Defendant's attorney tried to falsely blame his actions on a "serious health scare" (that miraculously only prevented him from <u>responding</u> to discovery).

First, Defendant and his attorney, who claims to be an experienced bankruptcy specialist worthy of a $650 hourly rate, knew the deadline and filed the Opposition in a timely manner, which means Defendant was not prejudiced.

Second, it is <u>undisputed</u> that Plaintiff provided a <u>lengthy</u> "certification" in the notice of motion. (Notice of Motion at 1:18-25; Augustini Moving Dec., ¶¶ 8-15.)

# VI.

## PLAINTIFF'S REQUEST FOR SANCTIONS IS REASONABLE AND APPROPRIATE UNDER THE CIRCUMSTANCES

Predictably, Defendant and his attorney try to avoid reimbursing Plaintiff for the damage <u>they</u> caused by claiming that its request for sanctions is unreasonable.

This claim fails for each of the following reasons.

First, it is <u>undisputed</u> that Defendant and his attorney <u>forced</u> Plaintiff to file this motion by serving frivolous responses full of boilerplate objections and ignoring Plaintiff for <u>six weeks</u> in violation of LBR 7026-1 (c)(2).

Second, it cannot reasonably be disputed that it took Plaintiff a <u>long time</u> to address the myriad of frivolous boilerplate objections that Defendant cut and pasted throughout his responses, as evidenced by, among other things, the need for a <u>156-page statement</u>.

Defendant and his attorney therefore have no one to blame but themselves.

Altogether, Plaintiff incurred $19,125.00 in attorney fees: (a) to prepare a <u>6-page</u> meet and confer letter—which Defendant ignored; (b) to prepare a <u>16-page motion</u> and a <u>6-page</u> supporting declaration (with roughly a dozen exhibits) and a <u>156-page statement</u>; (c) to prepare a <u>9-page</u> reply brief; and (d) to prepare for and attend the hearing.

Defendant's attorney, on the other hand, claims to have incurred $6,125.00 in attorney fees to file <u>one brief</u> that largely consists of material he cut and pasted from <u>other</u> documents, including his hyperbolic claim that:

> The exceptional novelty and difficult [sic] of this action, and the concomitant skill required to win it – skill that goes beyond counsel's modest hourly rates – are fully set forth in Mr. Cohen's declaration. This was no routine or 'cookie-cutter' action: it is high-stakes, hard-fought litigation involving a defrauded employer by Shaw - and not Defendant - who is trying to rubberstamp a default judgment that has no preclusive res judicata effect against Defendant.

(Opp. at 19:22-26.)

If anything, the fact that Defendant claims to have incurred $6,150.00 in attorney fees proves that Plaintiff's request for $19,125.00 is a reasonable and appropriate one under the circumstances.

---

7

PLAINTIFF'S REPLY BRIEF IN CONNECTION WITH MOTION TO COMPEL FURTHER RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    Third, Defendant's lengthy discussion of "lodestar" (cut and pasted from a different brief) is
2 irrelevant. Where, as here, Plaintiff is seeking sanctions in connection with a <u>discovery motion</u>, it merely
3 needs to submit a declaration from its attorney regarding his/her efforts to obtain the discovery, the amount
4 of attorney time it took him/her, and the rate(s) he/she billed to his/her client. <u>Henry v. Gill Industries, Inc.</u>,
5 983 F.2d 943, 946 (9th Cir. 1993). A cursory review of the moving declaration shows that Plaintiff's
6 attorney went <u>above and beyond</u> what is required. (Augustini Moving Dec., ¶¶17-27.)

7    The Court therefore should order Defendant and his attorney to pay all of the sanctions that
8 Plaintiff requested, i.e., $19,125.00.

## VII.

## DEFENDANT'S REQUEST FOR SANCTIONS IS FRIVOLOUS

11    Defendant's request for sanctions is beyond frivolous, and it represents further evidence of his
12 "projection" strategy that pervades the Opposition.

13    First, Plaintiff has established beyond any doubt that Defendant and his attorney:

- Served frivolous responses full of boilerplate objections;
- Violated LBR 7026-1 (c)(2) by ignoring Plaintiff's efforts to meet and confer for <u>six weeks</u>;
- Tried to blame <u>their</u> malfeasance on Plaintiff's attorney;
- Tried to blame <u>their</u> failure to respond on a "health issue" even though they continued to <u>propound discovery</u> and <u>demand information</u> the whole time; and
- Falsely claimed that they "advised" Plaintiff of the "health issue" <u>before</u> it filed this motion.

22    Second, Plaintiff also has established that it did not violate any rules, i.e., Defendant forewent the
23 right to a joint statement by knowingly violating LBR 7026-1 (c)(2).

24    Third, Defendant's attorney never says anywhere in his declaration that he <u>actually billed</u>
25 Defendant $650.00 per hour: "My hourly rate of $650.00 is within the range of reasonableness in the Los
26 Angeles legal community with my years of experience." <u>Henry</u>, 983 F.2d at 946. With all respect, there is
27 <u>no way</u> that Defendant, who filed a Chapter 7 petition and claims that his business is <u>valueless</u>, could afford

28

8
PLAINTIFF'S REPLY BRIEF IN CONNECTION WITH MOTION TO COMPEL FURTHER RESPONSES TO FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS

to pay $650.00 per hour. Defendant's attorney therefore has used his "rack rate" to inflate his sanctions request.

Fourth, an hourly rate of $650.00 is grossly excessive on its face where, as here: (a) it is 44.4% higher than Plaintiff's lead attorney, Rick Augustini, is charging Plaintiff even though he also started practicing in 1992; and (b) it is 85.7% higher than Tracy Anielski is charging Plaintiff even though she started practicing in 1989.

## VIII.
## CONCLUSION

For each of the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion in its entirety and order Defendant and his attorney to pay sanctions of $19,150.00 within five (5) days.

Dated: February 24, 2022              LAW OFFICE OF RICK AUGUSTINI


                                      By: s/Rick Augustini
                                          Rick Augustini
                                          Attorney for Plaintiff
                                          ONSITE NURSE CONCIERGE, LLC

---

9

PLAINTIFF'S REPLY BRIEF IN CONNECTION WITH MOTION TO COMPEL FURTHER RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**Declaration Of Rick Augustini**

1. I am the attorney of record for Plaintiff ONSITE NURSE CONCIERGE, LLC ("Plaintiff") tiff. I have personal knowledge of the following facts and could testify thereto if called upon to do so.

2. On February 11, 2022, Defendant ERNEST MIKHAIL ALFON ("Defendant") served a supplemental response containing most if not all of the same boilerplate objections from his original response at issue in this motion. Defendant also served a privilege log, a true and correct copy of which is attached as **Exhibit 1**. Should the Court review the privilege log, it will see that: (a) it is yet another exercise in wholesale cutting and pasting; (b) fails to identify any specific documents; and (c) is devoid of "privacy" designations—which means that every "privacy" objection that Defendant and his attorney cut and pasted ad nauseum appears to have been unnecessary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 3, 2022 at Nashville, Tennessee.

s/Rick Augustini
_____
Rick Augustini

<p style="color:red; text-align:center;">**EXHIBIT 1**</p>

**Onsite Nurse Concierge, LLC vs. Ernest Mikhail Alfon, # 8:21-ap-01084-ES**

# Defendants' Privilege Log

| Demand # | File Name | Document | Privileged |
|---|---|---|---|
| 2 | All communications between Defendant and his counsel regarding Defendant's defenses to the COMPLAINT<br><br>No third party was included on any these communications | All DOCUMENTS that evidence, reflect or support YOUR admission of any allegation in the COMPLAINT. (As used herein, the terms "YOU" and "YOUR" mean Responding Party.) | **Attorney-Client Privilege**: FRE 502, CA Evidence Code 954<br>The request seeks disclosure of communications between responding party and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. The attorney-client privilege encompasses confidential disclosures made by a client to an attorney for the purposes of facilitating the rendition of professional legal services. See Fisher v. United States, 425 U.S. 391, 403 (1976).<br><br>**Work Product Privilege**<br>FRCP 26(b)(3)(A), FRE 502 CA CCP §2018.010; CCP § 2018.030; CCP §2018.020(a); CCP §2018.020(b); CCP §2018.030(a); & CCP §2018.030(b), et seq<br>See In re Grand Jury Subpoena (Torf), 357 F.3d 900, 908-10 (9th Cir. 2003); Colonies Partners, L.P. v. Cty. of San Bernardino, No. 5:18-cv-00420-JGB (SHKx), 2020 U.S. Dist. LEXIS 188075, at *8-12 (C.D. Cal. Jan. 24, 2020); Fox v. California Sierra Fin. Servs., 120 F.R.D. 520, 524-25 (N.D. Cal. 1988). |

| 3 | All communications between Defendant and his counsel regarding Defendant's defenses to the COMPLAINT<br><br>No third party was included on any these communications | All DOCUMENTS that evidence, reflect or support YOUR claim that a "terrible injustice has been perpetrated against" YOU. | **Attorney-Client Privilege**: FRE 502, CA Evidence Code 954<br>The request seeks disclosure of communications between responding party and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. The attorney-client privilege encompasses confidential disclosures made by a client to an attorney for the purposes of facilitating the rendition of professional legal services. See Fisher v. United States, 425 U.S. 391, 403 (1976).<br><br>**Work Product Privilege**<br>FRCP 26(b)(3)(A), FRE 502 CA CCP §2018.010; CCP § 2018.030; CCP §2018.020(a); CCP §2018.020(b); CCP §2018.030(a); & CCP §2018.030(b), et seq<br>See In re Grand Jury Subpoena (Torf), 357 F.3d 900, 908-10 (9th Cir. 2003); Colonies Partners, L.P. v. Cty. of San Bernardino, No. 5:18-cv-00420-JGB (SHKx), 2020 U.S. Dist. LEXIS 188075, at *8-12 (C.D. Cal. Jan. 24, 2020); Fox v. California Sierra Fin. Servs., 120 F.R.D. 520, 524-25 (N.D. Cal. 1988). |

| 4 | All communications between Defendant and his counsel regarding Defendant's defenses to the COMPLAINT<br><br>No third party was included on any these communications | All DOCUMENTS that evidence, reflect or support YOUR claim that YOUR stepfather engaged in "identity theft." | **Attorney-Client Privilege**: FRE 502, CA Evidence Code 954<br>The request seeks disclosure of communications between responding party and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. The attorney-client privilege encompasses confidential disclosures made by a client to an attorney for the purposes of facilitating the rendition of professional legal services. See Fisher v. United States, 425 U.S. 391, 403 (1976).<br><br>**Work Product Privilege** FRCP 26(b)(3)(A), FRE 502 CA CCP §2018.010; CCP § 2018.030; CCP §2018.020(a); CCP §2018.020(b); CCP §2018.030(a); & CCP §2018.030(b), et seq<br>See In re Grand Jury Subpoena (Torf), 357 F.3d 900, 908-10 (9th Cir. 2003); Colonies Partners, L.P. v. Cty. of San Bernardino, No. 5:18-cv-00420-JGB (SHKx), 2020 U.S. Dist. LEXIS 188075, at *8-12 (C.D. Cal. Jan. 24, 2020); Fox v. California Sierra Fin. Servs., 120 F.R.D. 520, 524-25 (N.D. Cal. 1988). |

| 5 | All communications between Defendant and his counsel regarding Defendant's defenses to the COMPLAINT<br><br>No third party was included on any these communications | All DOCUMENTS that evidence, reflect or support YOUR claim that YOUR stepfather signed YOUR name to documents without YOUR consent. | **Attorney-Client Privilege**: FRE 502, CA Evidence Code 954<br>The request seeks disclosure of communications between responding party and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. The attorney-client privilege encompasses confidential disclosures made by a client to an attorney for the purposes of facilitating the rendition of professional legal services. See Fisher v. United States, 425 U.S. 391, 403 (1976).<br><br>**Work Product Privilege**<br>FRCP 26(b)(3)(A), FRE 502 CA CCP §2018.010; CCP § 2018.030; CCP §2018.020(a); CCP §2018.020(b); CCP §2018.030(a); & CCP §2018.030(b), et seq<br>See In re Grand Jury Subpoena (Torf), 357 F.3d 900, 908-10 (9th Cir. 2003); Colonies Partners, L.P. v. Cty. of San Bernardino, No. 5:18-cv-00420-JGB (SHKx), 2020 U.S. Dist. LEXIS 188075, at *8-12 (C.D. Cal. Jan. 24, 2020); Fox v. California Sierra Fin. Servs., 120 F.R.D. 520, 524-25 (N.D. Cal. 1988). |

| # | Request | Documents Sought | Objections |
|---|---|---|---|
| 6 | All communications between Defendant and his counsel regarding Defendant's defenses to the COMPLAINT<br><br>No third party was included on any these communications | All DOCUMENTS that evidence, reflect or support YOUR claim that YOUR stepfather forged YOUR signature to "state court counsel." | **Attorney-Client Privilege**: FRE 502, CA Evidence Code 954<br>The request seeks disclosure of communications between responding party and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. The attorney-client privilege encompasses confidential disclosures made by a client to an attorney for the purposes of facilitating the rendition of professional legal services. See Fisher v. United States, 425 U.S. 391, 403 (1976).<br><br>**Work Product Privilege**<br>FRCP 26(b)(3)(A), FRE 502 CA CCP §2018.010; CCP § 2018.030; CCP §2018.020(a); CCP §2018.020(b); CCP §2018.030(a); & CCP §2018.030(b), et seq<br>See In re Grand Jury Subpoena (Torf), 357 F.3d 900, 908-10 (9th Cir. 2003); Colonies Partners, L.P. v. Cty. of San Bernardino, No. 5:18-cv-00420-JGB (SHKx), 2020 U.S. Dist. LEXIS 188075, at *8-12 (C.D. Cal. Jan. 24, 2020); Fox v. California Sierra Fin. Servs., 120 F.R.D. 520, 524-25 (N.D. Cal. 1988). |

| 20 | All communications between Defendant and his counsel regarding Defendant's defenses to the COMPLAINT<br><br>No third party was included on any these communications | All DOCUMENTS that evidence, reflect or support YOUR claim that YOUR stepfather "forged [YOUR]] signatures on other checks which [YOU] was not aware of. | **Attorney-Client Privilege**: FRE 502, CA Evidence Code 954<br>The request seeks disclosure of communications between responding party and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. The attorney-client privilege encompasses confidential disclosures made by a client to an attorney for the purposes of facilitating the rendition of professional legal services. See Fisher v. United States, 425 U.S. 391, 403 (1976).<br><br>**Work Product Privilege**<br>FRCP 26(b)(3)(A), FRE 502 CA CCP §2018.010; CCP § 2018.030; CCP §2018.020(a); CCP §2018.020(b); CCP §2018.030(a); & CCP §2018.030(b), et seq<br>See In re Grand Jury Subpoena (Torf), 357 F.3d 900, 908-10 (9th Cir. 2003); Colonies Partners, L.P. v. Cty. of San Bernardino, No. 5:18-cv-00420-JGB (SHKx), 2020 U.S. Dist. LEXIS 188075, at *8-12 (C.D. Cal. Jan. 24, 2020); Fox v. California Sierra Fin. Servs., 120 F.R.D. 520, 524-25 (N.D. Cal. 1988). |

| 21 | All communications between Defendant and his counsel regarding Defendant's defenses to the COMPLAINT<br><br>No third party was included on any these communications | All DOCUMENTS that evidence, reflect or support YOUR claim that YOUR stepfather "was using [YOUR] identity to falsify time cards and cash checks in [YOUR] name where he forged [YOUR] ] signature." | **Attorney-Client Privilege**: FRE 502, CA Evidence Code 954<br>The request seeks disclosure of communications between responding party and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. The attorney-client privilege encompasses confidential disclosures made by a client to an attorney for the purposes of facilitating the rendition of professional legal services. See Fisher v. United States, 425 U.S. 391, 403 (1976).<br><br>**Work Product Privilege**<br>FRCP 26(b)(3)(A), FRE 502 CA CCP §2018.010; CCP § 2018.030; CCP §2018.020(a); CCP §2018.020(b); CCP §2018.030(a); & CCP §2018.030(b), et seq<br>See In re Grand Jury Subpoena (Torf), 357 F.3d 900, 908-10 (9th Cir. 2003); Colonies Partners, L.P. v. Cty. of San Bernardino, No. 5:18-cv-00420-JGB (SHKx), 2020 U.S. Dist. LEXIS 188075, at *8-12 (C.D. Cal. Jan. 24, 2020); Fox v. California Sierra Fin. Servs., 120 F.R.D. 520, 524-25 (N.D. Cal. 1988). |

| 22 | All communications between Defendant and his counsel regarding Defendant's defenses to the COMPLAINT<br><br>No third party was included on any these communications | All DOCUMENTS that evidence or reflect communications between YOU and YOUR stepfather regarding any aspect of the STATE COURT ACTION. (As used herein, the term "STATE COURT ACTION" means Onsite Nurse Concierge, LLC V. Shaw, et al., Orange County Superior Court Case NO. 07CC10089.) | **Attorney-Client Privilege**: FRE 502, CA Evidence Code 954<br>The request seeks disclosure of communications between responding party and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. The attorney-client privilege encompasses confidential disclosures made by a client to an attorney for the purposes of facilitating the rendition of professional legal services. See Fisher v. United States, 425 U.S. 391, 403 (1976).<br><br>**Work Product Privilege**<br>FRCP 26(b)(3)(A), FRE 502 CA CCP §2018.010; CCP § 2018.030; CCP §2018.020(a); CCP §2018.020(b); CCP §2018.030(a); & CCP §2018.030(b), et seq<br>See In re Grand Jury Subpoena (Torf), 357 F.3d 900, 908-10 (9th Cir. 2003); Colonies Partners, L.P. v. Cty. of San Bernardino, No. 5:18-cv-00420-JGB (SHKx), 2020 U.S. Dist. LEXIS 188075, at *8-12 (C.D. Cal. Jan. 24, 2020); Fox v. California Sierra Fin. Servs., 120 F.R.D. 520, 524-25 (N.D. Cal. 1988). |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 320 Seven Springs Way, Suite 250, Nashville, TN 37027.

A true and correct copy of the foregoing document entitled (*specify*): PLAINTIFF'S REPLY BRIEF IN CONNECTION WITH MOTION TO COMPEL FURTHER RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 24, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Thomas H. Casey, Trustee: thc@trustesolutions.net
Baruch C. Cohen: Attorney for Debtor: bcc@BaruchCohenEsq.com
United States Trustee: ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Rick Augustini | | s/Rick Augustini |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |
| February 24, 2022 | | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                 F 9013-3.1.PROOF.SERVICE