Rick Augustini (State Bar No. 160934)
LAW OFFICE OF RICK AUGUSTINI
320 Seven Springs Way, Suite 250
Nashville, TN 37207
Telephone:      (615) 515-0911
E-Mail:          rick.augustini@gmail.com

California Office:
895 Dove Street, Suite 300
Newport Beach, CA 92660

Attorneys for Plaintiff
ONSITE NURSE CONCIERGE, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No. 8:21-bk-11483-ES |
| ERNEST MIKHAIL ALFON, | Adversary Case No. 8:21-ap-01084-ES |
| Debtor. | Hon. Scott C. Clarkson |
| ——————————————— | Chapter 7 |
| ONSITE NURSE CONCIERGE, LLC, a California limited liability company, | NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES PROPOUNDED TO DEFENDANT ERNEST MIKHAIL ALFON; REQUEST FOR SANCTIONS |
| Plaintiff, | |
| vs. | |
| ERNEST MIKHAIL ALFON, an individual, | [Joint Stipulation and Declaration of Rick Augustini Filed Concurrently] |
| Defendant. | |
| ——————————————— | Date:          January 18, 2023<br>Time:          10:30 a.m.<br>Courtroom:      5A |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that at 10:30 a.m. on January 18, 2023, in Courtroom 5A of the United

3    States District Court, Santa Ana Division, Plaintiff ONSITE NURSE CONCIERGE ("Plaintiff" will and

4    hereby does move the Court for an order:

5    1.    Deeming all of Defendant ERNEST ALFON's ("Defendant") objections waived;

6    2.    Compelling Defendant to respond without objection to its Special Interrogatories Nos. 3,

7    11, 12, 13, 14 and 18, within five (5) days; and

8    3.    Requiring Defendant and his attorneys of record, Baruch C. Cohen and the Law Office of

9    Baruch C. Cohen, to pay monetary sanctions of $16,250.00 within five (5) days; and

10    4.    For such other and further relief as the Court deems appropriate.

11    This motion will be made pursuant to Federal Rules of Civil Procedure 33 and 37(a), Federal

12    Rules of Bankruptcy Procedure 7033 and 7037, and Local Bankruptcy Rules 7026-1 and 9011-3.

13    This motion will be based on this amended notice of motion and motion, the memorandum of

14    points and authorities, the concurrently filed supporting declaration and Joint Stipulation, the file in this

15    action and any other evidence or argument the Court permits in connection with the hearing.

16    Accessibility information for hearing Plaintiff's Motion via Zoom.gov will be provided by the

17    Court in its tentative ruling prior to the hearing.  The parties may obtain such accessibility information on

18    Judge Clarkson's posted hearing calendar, which may be viewed online at http://ecf-

19    ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

20    Dated:  December 23, 2022            LAW OFFICE OF RICK AUGUSTINI

21

22    By: s/Rick Augustini
      Rick Augustini
23    Attorney for Plaintiff
      ONSITE NURSE CONCIERGE, LLC
24

25

26

27

28

1

1

# TABLE OF CONTENTS

Page No.

I.   SUMMARY OF ARGUMENT ..................................................................... 1

II.  SUMMARY OF RELEVANT FACTS ......................................................... 4

    A.  DEFENDANT AND HIS STEPFATHER SYSTEMATICALLY DEFRAUDED
       PLAINTIFF APPROXIMATELY FIFTEEN YEARS AGO. ......................................... 4

    B.  PLAINTIFF SUED DEFENDANT AND HIS STEPFATHER FOR FRAUD
       IN SUPERIOR COURT IN 2007. ......................................................................... 4

    C.  DEFENDANT WAS REPRESENTED BY COUNSEL UNTIL HIS ATTORNEY
       WITHDREW FOR NON-PAYMENT. ....................................................................... 4

    D.  DEFENDANT THEREAFTER ABANDONED THE ORANGE COUNTY
       FRAUD ACTION BY FAILING TO APPEAR OR PARTICIPATE IN DISCOVERY. ......... 4

    E.  THE SUPERIOR COURT STRIKES DEFENDANT'S ANSWER AND
       ENTERS JUDGMENT AGAINST HIM FOR FRAUD AND PUNITIVE DAMAGES. ......... 5

    F.  DEFENDANT NEVER APPEALS THE FRAUD JUDGMENT OR SEEKS
       TO SET IT ASIDE. ............................................................................................ 5

    G.  PLAINTIFF LEARNS THAT THAT DEFENDANT OWNS A PROFITABLE
       COMPANY CALLED ANSWRD. ......................................................................... 5

    H.  DEFENDANT FILES A CHAPTER 7 PETITION THE NIGHT BEFORE
       PLAINTIFF IS SCHEDULED TO EXAMINE HIS WIFE. ............................................ 5

    I.  DEFENDANT FALSELY CLAIMS HIS 65% INTEREST IN ANSWRD IS
       WORTHLESS. ................................................................................................... 6

    J.  DEFENDANT REFUSES TO TAKE RESPONSIBILITY FOR THE FRAUD
       AND TRIES TO BLAME HIS STEPFATHER. ......................................................... 6

    K.  PLAINTIFF SERVES DEFENDANT WITH A STRAIGHTFORWARD SET OF
       SPECIAL INTERROGATORIES. .......................................................................... 6

    L.  DEFENDANT RESPONDS BY CUTTING AND PASTING FRIVOLOUS
       BOILERPLATE OBJECTIONS AND PROVIDING INCOMPLETE RESPONSES. ........... 6

1

M. DEFENDANT AND HIS ATTORNEY HAVE REPEATEDLY
DELAYED PROVIDING SUPPLEMENTAL RESPONSES AND HAVE
YET TO PROVIDE FULL AND COMPLETE RESPONSES DEVOID
OF OBJECTIONS. ....................................................................... 7

N. THERE IS NO EXCUSE FOR DEFENDANT'S ATTORNEY TO ENGAGE
IN REPEATED DELAYS OR TO REFUSE TO TIMELY PARTICIPATE IN
PREPARATION OF THE JOINT STIPULATION WHERE, AS HERE, HE FOUND
PLENTY OF TIME TO TAKE OFFENSIVE ACTION. ......................................... 8

III.    THE INFORMATION REQUESTED BY PLAINTIFF IS RELEVANT
AND PROPORTIONAL TO THE NEEDS OF THE CASE ......................................... 10

IV.    DEFENDANT'S PREFATORY STATEMENT IS IMPROPER AS A
MATTER OF LAW, WHICH IS WHY DEFENDANT NOW HAS
AGREED TO "STIPULATE" THAT IT IS WITHDRAWN, EVEN
THOUGH HE REFUSED TO REMOVE IT BEFORE PLAINTIFF
PREPARED THIS MOTION .......................................................... 10

V.    DEFENDANT AGREED TO WITHDRAW HIS OBJECTIONS,
BUT HAS NEVERTHELESS REFUSED TO DO SO ................................. 11

VI.    DEFENDANT'S RESPONSES NOTWITHSTANDING HIS
OBJECTIONS ARE EVASIVE AND INCOMPLETE ................................. 12

VII.    THE COURT SHOULD SANCTION DEFENDANT AND HIS
ATTORNEY AND ORDER THEM TO REIMBURSE PLAINTIFF
FOR ALL OF THE ATTORNEY FEES AND COSTS ASSOCIATED
WITH THIS MOTION .......................................................... 13

MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

# TABLE OF AUTHORITIES

**Page No.**

CASES

*Lorillard Tobacco Co. v. Elston Self Service Wholesale Grocers, Inc.,* 259 F.RD. 323 (N.D. IL..............13

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340 (1978)..................................................................10

*Thomas v. Cate,* 715 F.Supp.2d 1012 (E.D. Cal. 2010).....................................................................10

OTHER AUTHORITIES

Judge Virginia A Phillips and Judge Karen L. Stevenson, Rutter Group Practice Guide: Federal Civil
    Procedure Before Trial §§ 11:1730 (April 2021 Update)...............................................................11

RULES

Federal Rule of Bankruptcy Procedure 7037......................................................................................14

Federal Rule of Civil Procedure 26(b )(1)...........................................................................................10

Federal Rule of Civil Procedure 33(b)(3)............................................................................................11

Federal Rule of Civil Procedure 37(a)(5)............................................................................................13

Local Bankruptcy Rule 7026-1(c)(4) .................................................................................................14

Local Bankruptcy Rule 7026-3(b) ......................................................................................................11

Local Bankruptcy Rule 9011-3...........................................................................................................14

MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

**Memorandum of Points and Authorities**

**I.**
**SUMMARY OF ARGUMENT**

On August 11, 2022, this Court ordered Defendant ERNEST MIKHAIL ALFON ("Defendant") and his attorney of record, Baruch Cohen, to pay sanctions of $25,000.00 in connection with Plaintiff's Motion to Compel Further Responses to its First Request for Production of Documents for engaging more or less the same conduct that led to this motion, including delaying for over eight (8) months in providing discovery responses based on his workload and health issues, reneging on agreements to withdraw objections and repeatedly failing/refusing to provide full, clear and unequivocal responses.

Defendant and his attorney, i.e., Mr. Cohen, forced Plaintiff to spend countless hours meeting and conferring in an effort to obtain full and complete responses devoid of objections, to no avail.

Then, after Plaintiff had incurred several thousand dollars meeting and conferring and circulating a lengthy joint stipulation, counsel for Defendant, i.e., Mr. Cohen, claimed that there was "no reason" for Plaintiff to file this motion because he now was willing to "stipulate" to "withdraw" his objections and "amend" his responses to include additional information.

To this date, however, Defendant and his attorney, i.e., Mr. Cohen, have failed to do so.

As explained more fully below, these kinds of tactics have been standard operating procedure for Defendant and his attorney, i.e., Mr. Cohen, ever since Plaintiff filed this adversary proceeding in the hope of "muddying" the water.

From 2006 to 2007, Defendant and his stepfather, Keith Shaw, systematically defrauded Plaintiff out of more than $100,000.00: (a) by billing it for *2,186 hours* of work they never performed; and (b) by falsely claiming that Defendant was a licensed nurse.

In 2007, Plaintiff sued Defendant and his stepfather in Orange County Superior Court: *Onsite Nurse Concierge v. Shaw,* et al., Orange County Superior Court Case No. 07CC10089 (the "Orange County Fraud Action").

Defendant and his stepfather were represented by *counsel* until he withdrew after they stopped paying him.

Defendant and his stepfather thereafter abandoned the Orange County Fraud Action by, among other things, *repeatedly:* (a) failing to respond to discovery; and (b) failing to appear for hearings.

On September 30, 2009, the Superior Court entered a default judgment against Defendant and his stepfather for $520,090.00, including $364,791.00 in *punitive damages* (the "Fraud Judgment").

Plaintiff resumed its enforcement of judgment efforts in 2019.

By mid-2021, Plaintiff had garnished Defendant's wages and served his wife with a third-party debtor examination order and a subpoena requiring her to produce documents.

Defendant filed a Chapter 7 bankruptcy petition the night before her examination, and Plaintiff thereafter filed this adversary proceeding.

Plaintiff resumed its enforcement of judgment efforts in 2019.

By mid-2021, Plaintiff had garnished Defendant's wages and served his wife with a third-party debtor examination order and a subpoena requiring her to produce documents.

Defendant filed a Chapter 7 bankruptcy petition the night before her examination, and Plaintiff thereafter filed this adversary proceeding.

Simply put, Defendant's "story" is that: (a) his "evil" stepfather, who fled to India after he violated his parole in California on *a different* fraud conviction, is the one who defrauded Plaintiff; (b) Defendant did not know "anything" about the Orange County Fraud Action; and (c) everyone else (including his attorney in the Orange County Fraud Action) is lying.

Not coincidentally, Defendant's "star" (and only) witness is his stepfather, who has tried to portray himself as a "martyr" who wants to "take responsibility" for his actions-*from the safety of India where he cannot be jailed for violating his parole in California.*

Defendant also has yet to explain how his stepfather managed to *repeatedly* deposit checks payable to *Defendant* into *Defendant's* bank account (and withdraw) the proceeds without Defendant knowing about it.

It is against this backdrop that Plaintiff served Defendant with a straightforward set of special interrogatories seeking information relevant to Defendant's claim that he had no knowledge or information of the underlying litigation.

MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

Unfortunately, Defendant responded by: (a) asserting a "prefatory statement" full of disclaimers and objections; (b) incorporating it into *every single one* of Defendant's responses; and (c) cutting and pasting a litany of frivolous boilerplate objections into *every one* of Defendant's responses. Where Defendant provided a response notwithstanding his objections, they were incomplete and/or nonresponsive.

Since January 2022, Plaintiff has spent countless hours meeting and conferring with Defendant to obtain a straightforward set of responses devoid of "objections" and "disclaimers."

Unfortunately, Defendant and his attorney, i.e., Mr. Cohen, have engaged in *repeated* delays, and have yet to provide straightforward responses to a number of Plaintiff's interrogatories.

Meanwhile, of course, Defendant and his attorney, i.e., Mr. Cohen has found the time: (a) to *repeatedly* serve Plaintiff (and others) with discovery; (b) to *repeatedly* demand that Plaintiff ( and others) provide *him* with information; (c) to castigate Plaintiff when it failing to respond *immediately* to *his* demands; and (d) to work on other matters, while claiming he is unable to deal with *this* case.

It has now been over eight (8) months since Plaintiff propounded his interrogatories, and Plaintiff has exhausted all efforts to obtain full and complete responses.

It therefore is *imperative* that the Court grant this motion and order Defendant *and* Attorney Cohen to pay all of the sanctions that Plaintiff has requested.

Where, as here, Defendant is seeking to avoid a fraud judgment for $1,250,000.00, it is (and was) incumbent on him (and his attorney) to provide *legitimate* responses devoid of objections in accordance with the rules.

Defendant and his attorney chose not to do so, and they alone are responsible for the attorney fees associated with this motion.

Failing to award *all* of the sanctions requested will *reward* Defendant and his attorney, who continue to refuse to provide full, complete and straightforward responses to Plaintiff's discovery, and will lead to additional obfuscation and discovery abuse.

After all, Defendant has approximately *1,300,000 reasons,* i.e., the current dollar amount of the Fraud Judgment, to do *whatever it takes* to avoid it.

MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

## II.
## SUMMARY OF RELEVANT FACTS

**A.      Defendant And His Stepfather Systematically Defrauded Plaintiff Approximately Fifteen Years Ago.**

In 2006 and 2007, Defendant and his stepfather *systematically* defrauded Plaintiff out of more than $100,000.00 by billing it for *2,186 hours* of work that they knew had not been performed. (Declaration of Rick Augustini, Ex. 1, , ¶ 9.)

**B.      Plaintiff Sued Defendant And His Stepfather For Fraud In Superior Court In 2007.**

In 2007, Plaintiff filed the Orange County Fraud Action. *(Id., ¶ 13.)*

Defendant was served with the summons and complaint at the address where he received his mail. *(Id., ¶ 14.)*

**C.      Defendant Was Represented By Counsel Until His Attorney Withdrew For Non-Payment.**

Defendant appeared in the Orange County Fraud Action through Attorney Skorina. *(Id., ¶ 15.)*

For the better part of a year, Defendant: (a) filed a case management statement; (b) appeared at a case management conference; (c) participated in law and motion; (d) served discovery; and (e) responded to discovery. *(Id.)*

On June 30, 2008, Attorney Skorina filed a motion to be relieved in the Orange County Fraud Action based on the facts that Debtor failed and refused: (a) to pay; and (b) to sign a substitution of attorney form. *(Id., ¶ 16.)*

On August 7, 2008, the Superior Court granted the motion, and Attorney Skorina served written notice of ruling on Defendant at the *same address* as Plaintiff had served the summons and complaint *(Id., ¶ 17.)*

Defendant never filed a notice of change of address. *(Id., ¶ 18.)*

**D.      Defendant Thereafter Abandoned The Orange County Fraud Action By Failing To Appear Or Participate In Discovery.**

Defendant abandoned the Orange County Fraud Action by: (a) failing to respond to discovery; (b) failing to respond to motions to compel; (c) failing to respond to an order to show cause; (d) failing to appear for multiple hearings; and (e) failing to pay sanctions. *(Id., ¶19.)*

E. **The Superior Court Strikes Defendant's Answer And Enters Judgment Against Him For Fraud And Punitive Damages.**

By early-2009, the Superior Court had seen enough, so it struck Defendant's answer and defaulted him. *(Id., ¶ 20.)*

On September 30, 2009, the Superior Court entered the Fraud Judgment against Defendant and his stepfather for $520,090.00, including $364,791.00 in *punitive damages. (Id., ¶ 21.)*

The Fraud Judgment was based on extensive testimonial and documentary evidence regarding: (a) the fraudulent scheme; and (b) the damage that Plaintiff suffered as a result of the fraudulent scheme. *(Id., ¶ 22.)*

F. **Defendant Never Appeals The Fraud Judgment Or Seeks To Set It Aside.**

To this day, i.e., approximately fifteen (15) years after it was entered, Defendant has not appealed the Fraud Judgment or sought to set aside. *(Id., ¶ 23.)*

Over the next decade, Plaintiff took various steps to enforce the Fraud Judgment, including the recording of an abstract of judgment against Defendant on January 7, 2010, to no avail. *(Id., ¶¶ 24-26.)*

G. **Plaintiff Learns That That Defendant Owns A Profitable Company Called Answrd.**

Plaintiff recommenced its enforcement efforts in mid-2019.

Plaintiff discovered that: (a) Debtor had formed a corporation called Answrd in 2018; Debtor was the CEO and a director of Answrd; ( ) Debtor was the registered agent for Answrd. *(Id., ¶ 32.)* Defendant owns 65% of Answrd.

Plaintiff also discovered that Answrd does business under the name Blue Light Media *(Id., ¶ 36.)*

According to its website, Blue Light Media offers services that include: (a) digital strategy; (b) social media management; (c) influencer marketing; (d) digital advertising; (e) product photography; and (f) electronic mail marketing. *(Id., ¶ 36.)*

H. **Defendant Files A Chapter 7 Petition The Night Before Plaintiff Is Scheduled To Examine His Wife.**

In mid-2021, Plaintiff garnished Defendant's wages and served his wife with a third-party debtor examination order and a subpoena requiring her to produce documents. *(Id., ¶ 40.)*

The night before the examination, i.e., June 10, 2021, Defendant filed his Chapter 7 bankruptcy petition. *(Id.)*

Simply put, Defendant knew there was *no way* the Superior Court was going set *a 15-year-old fraud judgment* aside, so he figured he would try to get the Bankruptcy Court to give him a "do over" of the Orange County Fraud Action.

**I.    Defendant Falsely Claims His 65% Interest In Answrd Is Worthless.**

By his petition, Defendant is trying: (a) to avoid the Fraud Judgment; and (b) to retain his interest in Answrd, which he falsely claimed was "valueless" because it is a "service" business, for himself.

**J.    Defendant Refuses To Take Responsibility For The Fraud And Tries To Blame His Stepfather.**

On September 17, 2021, Plaintiff filed its Adversary Complaint, wherein it sought an order determining the Fraud Judgment to be non-dischargeable. (Augustini Dec., Ex. 1.)

As of that date, the amount of the Fraud Judgment was approximately $1,250,000.00. *(Id., ¶ 33.)*

On October 18, 2021, Defendant filed his Answer, wherein: (a) he denied virtually all of Plaintiff's allegations; (b) he claimed that his "evil" stepfather, who fled the United States for India to escape prison after he violated his parole in California for *a different* fraud conviction, is the one who defrauded Plaintiff; (c) he claimed not to know anything about the Orange County Fraud Action; and (d) he accused Attorney Skorina of "lying" about representing him--even though Attorney Skorina's billing records show that he *spoke* with Defendant. (Augustini Dec., Ex. 2.)

It is against this backdrop that Plaintiff served Defendant with its first set of special interrogatories.

**K.    Plaintiff Serves Defendant With A Straightforward Set of Special Interrogatories.**

On December 28, 2021, Plaintiff served Defendant with its First Set of Special Interrogatories, seeking information supporting Defendant's contention that he knew nothing about the underlying lawsuit and/or judgment.  (Augustini Dec., Ex. 3.)  The First Set of Special Interrogatories consisted of 28 special interrogatories. (*Id.*)

**L.    Defendant Responds By Cutting And Pasting Frivolous Boilerplate Objections And      Providing Incomplete Responses.**

On January 19, 2022, Defendant and Attorney Cohen responded by: (a) asserting a lengthy "prefatory statement" full of frivolous boilerplate objections; (b) purporting to incorporate his "prefatory statement" into every single response; and (c) cutting and pasting lengthy boilerplate objections into *every*

*single response.* (Augustini Dec., Ex. 4.)    The responses Defendant provided notwithstanding his objections were incomplete and nonresponsive.

**M.    Defendant And His Attorney Have Repeatedly Delayed Providing Supplemental Responses And Have Yet To Provide Full And Complete Responses Devoid Of Objections.**

On February 3, 2022, Plaintiff sent Attorney Cohen a detailed meet and confer letter in accordance with the local rules.  Attorney Cohen responded on May 9, 2022, providing dates for a meet and confer conference, the majority of which had already passed or were after hours.  (Augustini Dec., Exs. 5, 6.)

When the parties were able to speak, Attorney Cohen agreed to provide supplemental responses to all of Plaintiff's discovery requests.  Plaintiff requested he do so by February 18, 2022.  (Augustini Dec., ¶12, Ex. 8.)

Rather than serve supplemental responses, on February 14, 2022, Attorney Cohen wrote Plaintiff raising new objections:  "I have now re-read Plaintiff's 25 interrogatories and now conclude that it violates FRCP 33(a)(1) and LBR 7025-3(b)."  Attorney Cohen demanded that Plaintiff withdraw its demand for further responses. (Augustini Dec., Ex. 9.)  Plaintiff rejected this request on the same date. (*Id.*)

Attorney Cohen served Defendant's First Supplemental Responses on February 16, 2022, but the vast majority remained woefully deficient. (Augustini Dec., ¶ 15.)

Plaintiff again began the meet and confer process, by sending another detailed meet and confer letter on March 7, 2022, requesting that Attorney Cohen participate in a conference to discuss Defendant's responses.   The parties thereafter scheduled a conference on March 11, 2022.  However, at 6:40 p.m., the evening before, Attorney Cohen sent a 19 page letter, largely cut and pasted from Defendant's responses, and then failed to appear for the conference. (Augustini Dec., ¶ 16-19, Ex. 11, 12.)

Since then, Attorney Cohen has engaged in multiple delays that he has attributed to his "busy litigation calendar" and his "personal health issues."   After first promising on March 25, 2022 to serve supplemental responses within a week, it took Mr. Cohen almost *seven weeks* to finally serve supplemental responses, a number of which remain patently deficient. (Augustini Dec., ¶ 20- 22, 34, Exs. 13-16.)

In the interim, Mr. Cohen repeatedly claimed that he was "unaware of any remaining issues," forcing Plaintiff to *repeatedly* identify for Mr. Cohen the deficiencies in his responses. Mr. Cohen also repeatedly served "proposed" supplemental responses, asking Plaintiff to "pre-approve" them, rather than simply serving supplemental responses. (Augustini Dec., ¶ 23-33, Exs. 17-25.)

Defendant's "Second Revised Supplemental Responses" to Plaintiff's Special Interrogatories were not served until *May 10, 2022*. (Augustini Dec., ¶ 34.)

**N.**     **There Is No Excuse For Defendant's Attorney To Engage in Repeated Delays Or To Refuse To Timely Participate In Preparation Of The Joint Stipulation Where, As Here, He Found Plenty Of Time To Take Offensive Action.**

In addition to the delays mentioned above, Cohen continuing claimed to need additional time to respond to correspondence and to serve supplemental responses, due to his "tight litigation calendar" and his "personal health issues."

For example, on March 25, 2022, Mr. Cohen claimed he would need a week to serve supplemental responses, because "my litigation calendar is very tight right now." (Augustini Dec., Ex. 16.)

Mr. Cohen again claimed on March 31, 2022 that his litigation calendar was "very tight right now," and he would approximately one more week to serve supplemental responses. (Augustini Dec., Ex. 18.)

On April 5, 2022, Mr. Cohen wrote that, "due to my busy litigation calendar, I hope to respond to your [April 4, 2022] letter by no later than 4/13/22, close of business." (Augustini Dec., Ex. 20.)

On April 12, 2022, Mr. Cohen wrote again, stating that, "my litigation and personal calendar is very tight right now, especially with Passover starting this weekend, and Defendant will need until the 2nd week of May 2022 to serve you with the Supplemental Response, if not sooner." (Augustini Dec., Ex. 21.)

After being advised that Plaintiff would not review and "pre-approve" responses, Mr. Cohen wrote on May 9, 2022, that he would serve final supplemental responses "hopefully" by May 9, 2022. Instead of doing so, however, Mr. Cohen nevertheless served "Proposed" responses. (Augustini Dec., ¶ 30-32, Ex. 23, 24.)

It was not until May 9, 2022 that Mr. Cohen finally served Defendant's Second Revised Supplemental Responses to Plaintiff's First Set of Special Interrogatories. (Augustini Dec., ¶ 34.)

Incredibly, despite Mr. Cohen's *repeated and lengthy delays* he found the time to take offensive action in this case, including the following:

1.    On April 29, 2022, Mr. Cohen sent my office a draft Joint Stipulation regarding Defendant's discovery propounded to Plaintiff.  At the time, I had already agreed to supplement Plaintiff's responses.

2.    On May 4, 2022, Mr. Cohen demanded that Plaintiff provide its portion of the Joint Stipulation relating to Defendant's discovery, even though Plaintiff had already agreed to provide supplemental responses within a few days.

Augustini Dec., ¶ 29, 33, Ex. 25.

What is more, when Plaintiff sent Mr. Cohen its portion of the Joint Stipulation in connection with this motion on June 24, 2022, Mr. Cohen claimed that his health issues prevented him from complying with Local Bankruptcy Rule 7026-1.

Specifically, on July 5, 2022, Mr. Cohen emailed Plaintiff's counsel, stating that he could not respond to the Joint Stipulation due to the "unreasonably tight window" to respond, given his "recent health challenges."  He stated he would provide his part of the Joint Stipulation by the end of July 2022 – over 3 weeks later, and well over a month after he received Plaintiff's portion of the Joint Stipulation. (Augustini Dec., Ex. 27.)

After several communications back and forth, Mr. Cohen finally admitted (in his papers filed in opposition to Plaintiff's Motion to Compel Further Responses to its First Request for Production of Documents) that he has worked on matters for other clients after receiving Plaintiff's Joint Stipulation.  He had simply chosen not to work on *this* case.  (Augustini Dec., ¶ 37, Ex. 28.)

It therefore is clear that Defendant and his attorney: (a) *chose* to ignore Plaintiff; (b) believe the rules do not apply to *them;* (c) believe *their* demands are the only ones that matter; and (d) believe "courtesy" is a one-way street *(Id.)*

**III.**

**THE INFORMATION REQUESTED BY PLAINTIFF IS RELEVANT AND PROPORTIONAL TO THE NEEDS OF THE CASE**

Federal Rule of Civil Procedure 26(b )(1) defines the scope of discovery as follows:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevance is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340,351 (1978); *see also Thomas v. Cate,* 715 F.Supp.2d 1012, 1031 (E.D. Cal. 2010) ("Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action").

As explained more fully in Plaintiff's statement, each of the special interrogatories that is the subject of this motion seeks information that is directly relevant to the claims and/or defenses of the parties.

Where, as here, the current amount of the Fraud Judgment Defendant is trying to avoid is *approximately $1,300,000.00,* each of Plaintiff's special interrogatories is also proportional to the needs of the case.

**IV.**

**DEFENDANT'S PREFATORY STATEMENT IS IMPROPER AS A MATTER OF LAW, WHICH IS WHY DEFENDANT NOW HAS AGREED TO "STIPULATE" THAT IT IS WITHDRAWN, EVEN THOUGH HE REFUSED TO REMOVE IT BEFORE PLAINTIFF PREPARED THIS MOTION**

As explained more fully in Plaintiff's statement, Defendant included a 7-paragraph "prefatory statement" full of disclaimers and objections and purported to "incorporate it by reference" into each of its responses.

The "prefatory statement" is improper as matter of law for several reasons.

First, Defendant is required to respond *separately* to each request: *"Each interrogatory must,* to the extent it is not objected to, *be answered separately,* and fully in writing under oath." Fed R Civ. P. 33(b)(3). [Emphasis Added].

Second, Defendant cannot use a prefatory statement to disclaim his discovery obligations and/or "reserve the right" to sandbag Plaintiff with "new" evidence at trial. *Id.*

Third, Defendant cannot use a prefatory statement to assert blanket objections. *Id.* ; Judge Virginia A Phillips and Judge Karen L. Stevenson, Rutter Group Practice Guide: Federal Civil Procedure Before Trial §§ 11:1730 (April 2021 Update)(noting that blanket objections to interrogatories are improper).

Fourth, Defendant repeatedly agreed in writing to remove the prefatory statement from his responses: "In the interests of resolving this discovery dispute, my client will supplement his response *and remove the prefatory statement/disclaimer*." (Augustini Dec., Ex. 16 [Emphasis Added].)

Plaintiff therefore is entitled to a supplemental response devoid of a "prefatory statement." Defendant apparently now concedes this fact by claiming in the Joint Stipulation that he will "stipulate" that it is withdrawn. Considering that Plaintiff has already spent the time and money preparing this motion and the accompanying Joint Stipulation, this "stipulation" is too little too late.

## V.
## DEFENDANT AGREED TO WITHDRAW HIS OBJECTIONS, BUT HAS NEVERTHELESS REFUSED TO DO SO

As explained more fully in Plaintiff's statement, Defendant and his attorney cut and pasted a myriad of frivolous boilerplate objections into *every single one* of Defendant's initial responses. He later agreed to remove these objections, but then decided to interpose *other* objections that had not been previously raised. He then agreed to remove these as well, but has failed and refused to do so.

Specifically, after agreeing to supplement his responses, Defendant belatedly asserted objections based on his contention that Plaintiff's interrogatories violate the numerical limitations of Local Bankruptcy Rule 7026-3(b). Yet, during the parties' meet and confer discussions, he stated: "In the interests of resolving this discovery dispute, my client will supplement his response and remove the LBR 7026-3(b) Objections." (Augustini Dec., Ex. 16.)

1   Despite this agreement, Defendant continues to assert these objections in his Second Revised

2   Supplemental Responses.  The Court should enforce Defendant's agreement and require him to serve

3   supplemental responses devoid of these objections.

4   **VI.**

**DEFENDANT'S RESPONSES NOTWITHSTANDING HIS OBJECTIONS ARE
EVASIVE AND INCOMPLETE**

5

6   Not only has Defendant interposed improper objections, but his responses notwithstanding his

7   objections are evasive and incomplete.

8   For example, when asked to describe all communications between he and Onsite regarding any

9   aspect of his work, he initially objected, then he claimed not to recall the substance or dates of any

10  conversations, then he finally (in his Second Revised Supplemental Responses) identifies additional

11  communications and describes their substance, but qualifies his response by claiming that he is

12  "uncomfortable" describing them because his descriptions "may not be accurate."  In other words, Alfon

13  claims his responses cannot be relied on in any way.  This begs the question – does he recall the

14  conversations he identifies in his response or not?  If he recalls the conversations enough to identify them,

15  why should Plaintiff not be entitled to rely on them?

16  Defendant also has refused to clarify that he has identified *all* communications he can recall.

17  Since he has disclosed information in dribs and drabs over the course of multiple renditions of his

18  responses, it is critical that he affirm that his response is full and complete.

19  This is particularly critical, because it is simply not credible that Defendant has identified all

20  relevant communications.

21  For example, Defendant claims the police raided his apartment in 2008 and he lost his nursing

22  license,  "due to Shaw's schemes," but has failed to allege a single communication between he and Shaw

23  about this raid, the loss of his nursing license, or the reasons these events occurred.  This is simply not

24  credible.

25  Defendant has also referred to communications that are responsive to Plaintiff's interrogatories in

26  other documents, but has failed to identify them in his responses.  His responses are therefore clearly

27  incomplete on their face.

28

**VII.**

**THE COURT SHOULD SANCTION DEFENDANT AND HIS ATTORNEY AND ORDER THEM TO REIMBURSE PLAINTIFF FOR ALL OF THE ATTORNEY FEES AND COSTS ASSOCIATED WITH THIS MOTION**

It is clear that Defendant and his attorney have acted in bad faith.

First, Defendant continues to assert objections that he has repeatedly agreed to withdraw, forcing Plaintiff to repeatedly meet and confer regarding the same issues over and over again, and ultimately file this motion.

Second, Defendant and his attorney have engaged in repeated delays, resulting in almost four months of back and forth before he served his Second Revised Supplemental Responses. During this "back and forth," Defendant and his attorney continually raised the same issues, claimed issues were resolved when they were not, and refused to timely respond, thus increasing Plaintiff's costs exponentially.

Third, during this same time frame, Defendant's counsel managed to find the time to take offensive actions and demand Plaintiff's timely compliance with deadlines, although due to his "tight litigation calendar" and "personal health issues," he was able to work on *other* matters, but not this one.

Fourth, despite forcing Plaintiff to incur enormous time and expense meeting and conferring and drafting this motion and the accompanying Joint Stipulation, Defendant served responses that included objections he had agreed to withdraw, and deficient responses. His proposal in his Joint Stipulation to "stipulate" to withdraw some of his objections and "amend" some of his responses is too little, too late. It also is clear evidence that Defendant and his counsel have acted, and continue to act, in blatant bad faith.

Defendant and his attorney, Mr. Cohen, were sanctioned $25,000 for engaging in these same tactics in connection with Plaintiff's Motion to Compel Further Responses to its First Request for Production of Documents.

Sanctions are warranted under Federal Rule of Civil Procedure 37(a)(5), which provides that the party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless *the losing party* proves that he/she/it was substantially justified in opposing the motion. *Lorillard Tobacco Co. v. Elston Self Service Wholesale Grocers, Inc.,* 259 F.RD. 323, 327 (N.D. IL. 2009).

1    Sanctions are also warranted under Local Bankruptcy Rule 7026-1(c)(4), which provides that the

2    failure of any party to cooperate in the procedures required under that rule, to attend the meeting of parties,

3    or to provide the information necessary to prepare the Stipulation required by local rules will result in the

4    imposition of sanctions, including sanctions authorized by Federal Rule of Bankruptcy Procedure 7037

5    and Local Bankruptcy Rule 9011-3.

6    It is imperative that the Court order Defendant *and* Attorney Cohen to pay *all of the sanctions* that

7    Plaintiff has requested.

8    There is *no excuse* for Attorney Cohen's repeatedly delays and his failures to comply with the

9    agreements reached during the very lengthy meet and confer process.

10    Failing to award *all* of the sanctions requested will *reward* Defendant and Attorney Cohen and

11    lead to (and incentivize) additional obfuscation and discovery abuse.

12    After all, Defendant has approximately *1.3 million reasons* to do whatever it takes to try to avoid

13    the Fraud Judgment.

14    Plaintiff therefore requests that the Court order Defendant and his attorney, i.e., Mr. Cohen, to pay

15    sanctions of $16,250.00 within five (5) days. (Augustini Dec., ¶39-50.)

16    Dated:  December 23, 2022                    LAW OFFICE OF RICK AUGUSTINI

17

18                                       By: s/Rick Augustini
                                          Rick Augustini
19                                        Attorney for Plaintiff
                                          ONSITE NURSE CONCIERGE, LLC
20

21

22

23

24

25

26

27

28

MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 320 Seven Springs Way, Suite 250, Nashville, TN 37027

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES PROPOUNDED TO DEFENDANT ERNEST MIKHAIL ALFON AND FOR SANCTIONS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 23, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Thomas H. Casey, Trustee: thc@trustesolutions.net
Baruch C. Cohen:  Attorney for Debtor:  bcc@BaruchCohenEsq.com
United States Trustee: ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| Rick Augustini | | s/Rick Augustini |
| *Date* | *Printed Name* | *Signature* |
| December 23, 2022 | | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**