Rick Augustini (State Bar No. 160934)
LAW OFFICE OF RICK AUGUSTINI
320 Seven Springs Way, Suite 250
Nashville, TN 37207
Telephone:     (615) 515-0911
E-Mail:        rick.augustini@gmail.com

California Office:
895 Dove Street, Suite 300
Newport Beach, CA 92660

Attorneys for Plaintiff
ONSITE NURSE CONCIERGE, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ERNEST MIKHAIL ALFON,<br><br>   Debtor.<br>_____<br><br>ONSITE NURSE CONCIERGE, LLC, a California limited liability company,<br><br>   Plaintiff,<br><br>vs.<br><br>ERNEST MIKHAIL ALFON, an individual,<br><br>   Defendant.<br>_____ | Bankruptcy Case No. 8:21-bk-11483-SC<br><br>Adversary Case No. 8:21-ap-01084-SC<br><br>Hon. Scott C. Clarkson<br><br>Chapter 7<br><br>PLAINTIFF'S REPLY IN CONECTION WITH MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES PROPOUNDED TO DEFENDANT ERNEST MIKHAIL ALFON<br><br>Date:         January 23, 2023<br>Time:         9:30 a.m.<br>Courtroom:    5C |

PLAINTIFF'S REPLY IN CONNECTION WITH MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES PROPOUNDED TO DEFENDANT

Plaintiff ONSITE NURSE CONCIERGE ("Plaintiff") hereby replies to the Opposition filed by Defendant ERNEST ALFON ("Defendant"):[1]

# I.
# SUMMARY OF ARGUMENT

Plaintiff served its interrogatories <u>more than a year ago</u> because:

- Defendant is trying to use the bankruptcy process to avoid a <u>fraud judgment</u> for <u>$364,791.00</u> that was entered against him in <u>2009</u> and that has grown to <u>more than $1,100,000.00</u> with interest;

- Defendant's "story" is that his stepfather (Keith Shaw) perpetrated the fraud without his knowledge and that he never knew about the fraud judgment even though <u>tens of thousands of stolen dollars</u> were deposited into (and withdrawn from) <u>Defendant's</u> bank account; and

- The principal of Plaintiff, Sandy Lassiter, died of cancer a few years ago.

At every turn, however, Defendant and his attorney, Baruch C. Cohen, have refused to provide <u>full, complete and straightforward</u> responses to Plaintiff's discovery.

Rather than simply <u>answer</u> Plaintiff's questions, Defendant served "amended," "revised," "supplemental" and "amended revised supplemental" responses that: (a) failed to fix the problems that Mr. Cohen had agreed to fix during the meet and confer process; (b) created <u>new</u> problems; and/or (c) were designed to give Defendant "wiggle room" to change his "story" at trial.

Plaintiff therefore had to keep restarting the meet and confer process, which, in turn, led to delay and significant expense.

To this day, Defendant <u>still</u> has not withdrawn the "objections" that Mr. Cohen repeatedly "told" Plaintiff he would withdraw.

Nor is this the first time Defendant and Mr. Cohen have forced Plaintiff to file a motion to compel.

---

[1] Plaintiff will deliver courtesy copies of the Motion and reply to the Court by 2:00 p.m. on Friday, January 13, 2023. Plaintiff did not deliver a courtesy copy of the Motion when it filed the Motion in accordance with the Court's rules since the hearing originally was set as a Zoom hearing.

1   To the contrary, on August 11, 2022, the Hon. Erithe A. Smith ordered Defendant and Mr.
2 Cohen to pay $25,000.00 in sanctions when she granted Plaintiff's motion to compel further responses to
3 its first request for production of documents. (See Augustini Reply Dec., Ex A and Docket No. 54.)
4   In doing so, Judge Smith:
5   •  Noted that Mr. Cohen had tried to blame his failure to meet and confer on a "health
6    issue" even though he had "found" the time to take offensive action; and
7   •  Castigated Mr. Cohen for filing a Joint Stipulation that Plaintiff's attorney had not
8    reviewed or approved.
9 (Augustini Reply Dec., ¶¶6-9 and Ex. 1; Docket No. 54.)[2]
10   Now Defendant is at it again, e.g., trying to blame his failure to provide full, complete and
11 straightforward responses to Plaintiff's interrogatories on Mr. Cohen's "health" while repeatedly
12 "finding" the time to take offensive action.
13   Realizing they cannot defend the responses on the merits, Defendant and Mr. Cohen have tried to
14 divert the Court's attention: (a) by disparaging the attorneys involved in the underlying action fifteen (15)
15 years ago; and (b) by making false statements regarding Plaintiff's attorney in this Action, e.g., that he
16 "failed" to respond, "refused" to extend courtesies, filed a Joint Stipulation without Mr. Cohen's
17 "permission," and "disrespected" Mr. Cohen's religious commitments.
18   Meanwhile, of course, Defendant and Mr. Cohen claim to be the "victims" of Plaintiff's
19 "unreasonable" demands that they respond to its discovery in a case where Defendant is trying to avoid a
20 fraud judgment in excess of $1,100,000.00.

---

22  [2]As Judge Smith found:

23   Defendant never formally responded to [Plaintiff's] meet and confer request. [¶]
Defendant has argued that he did not respond to the meet and confer request due to health
24   concerns of his counsel [Mr. Cohen]. Plaintiff's point is well taken that counsel for
Defendant [Mr. Cohen] continued to work on the case in the two weeks following service
25   of [Plaintiff's] meet and confer request…[¶] The Court will take up the issue of
sanctions…at the [next] hearing.
26

27 (Augustini Reply Dec., Ex. 1.)

28

As explained in the Declaration of Rick Augustini, the truth is that:

- Plaintiff filed the Joint Stipulation after Mr. Cohen had approved and signed it, i.e., the only "additions" were the hearing date and the amount of Plaintiff's sanctions request, which Plaintiff did not know until the Motion was ready to file;

- Plaintiff and its attorney have gone out of their way to respect Mr. Cohen's religious commitments by, among other things: (a) not serving (or setting) anything on any of the holidays that Mr. Cohen identified at the outset of this Action; and (b) not serving (or setting) anything for several weeks while Mr. Cohen claimed to be traveling;

- It is Mr. Cohen: (a) who repeatedly has claimed to be "unavailable" to respond to discovery; (b) who was excoriated by Judge Smith for misleading her (and wasting her time) by filing a Joint Stipulation that Plaintiff's attorney had not reviewed or approved; (c) who repeatedly has taken offensive action on Sundays; and (d) who repeatedly and unreasonably has demanded immediate responses whenever he wanted something.

Most recently, on December 23, 2022, i.e., the Friday before Christmas, Mr. Cohen demanded that Plaintiff respond within a few hours to his threatened ex parte application for an order shortening time, filed his application the following business morning and told the Court that Plaintiff's attorney had "failed" to respond.[3]

Meanwhile, of course, Mr. Cohen neglected to tell the Court that he had refused Plaintiff a short extension of time to respond to some written discovery that was due over Christmas unless Plaintiff agreed not to file this Motion:

> …[T]he upcoming holidays should pose no challenge to responding to [Defendant's] discovery properly…[¶] Once you confirm in writing that Plaintiff will

---

[3] The truth was that at 9:56 a.m. on December 27, 2022, i.e., before he realized that Mr. Cohen had filed his ex parte application, Plaintiff's attorney wrote in relevant part: "As you probably have surmised, I was out of the office and not checking emails due to the Christmas holiday. [¶] I nonetheless am willing to discuss continuing the hearing to the following week provided that my client is not prejudiced. [¶] I will be back in the office tomorrow." Plaintiff did not respond to Defendant's ex parte application because LBR 9075-1(b)(6) says that applications for orders shortening time will be determined ex parte by the court on the basis of the documents submitted with the application, , i.e., opposition based on anything other than a lack of notice is not allowed. (Augustini Reply Dec., ¶¶ 15-17.)

3
REPLY IN CONNECTION WITH MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

not pursue the frivolous motion to compel the interrogatories/sanctions, then Plaintiff can have a 1-week extension to respond.

(Augustini Reply Dec., ¶16.)

Simply put, Defendant and Mr. Cohen are trying to muddy the water and avoid the imposition of additional sanctions.

Plaintiff therefore respectfully requests that the Court disregard the rhetoric in the Opposition and focus on the issues presented by the Motion.

First, are Defendant's responses deficient? If so, the Court should order Defendant to provide supplemental responses.

Second, did Defendant and Mr. Cohen act unreasonably in failing to provide legitimate responses for more than a year and forcing Plaintiff to file this Motion? If so, the Court should order them to pay all of the sanctions requested.

Otherwise, the Court should deny the Motion.

## II.
## EACH OF THE INTERROGATORIES SEEKS DIRECTLY RELEVANT INFORMATION, AND DEFENDANT DOES NOT EVEN TRY TO CLAIM THAT HIS RESPONSES COMPLY WITH THE RULES

Each of the subject interrogatories is simple, straightforward and directly relevant to Defendant's "story." Fed. R. Civ. P. 26(b)(1) (providing that parties have right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…").

Interrogatory No. 3 asks Defendant to identify all documents that support his claim that the statements in his stepfather's declaration are true.[4]  Defendant could have (and should have) responded to this interrogatory without objection. Fed. R. Civ. P. 33(b)(3)(requiring party to respond separately and fully), 33(b)(1)(B)(requiring party to provide all information available to him/her/it). Defendant also should have identified all documents he contends support his contentions, whether he has them in his possession or not. Id.

---

[4] Defendant's stepfather is a convicted felon who admits fleeing to India to avoid incarceration in California. Now, of course, Defendant hopes to avoid the fraud judgment because his stepfather "says" (from the safety of India) in a "declaration" that he "acted alone" in defrauding Plaintiff.

4

Interrogatory No. 11 asks Defendant to identify <u>every</u> communication he had with anyone affiliated with Plaintiff regarding any aspect of his work. Defendant also could have (and should have) responded to this interrogatory <u>without objection</u>. <u>Id</u>. Defendant cannot avoid providing a full and complete response by saying he is "uncomfortable" describing the conversations he recalls because they took place a long time ago.

Interrogatory Nos. 12, 13 and 14 ask Defendant to identify communications regarding his stepfather, the underlying lawsuit or this Action. Defendant also could have (and should have) responded to these interrogatories without objection and confirmed that his answer included <u>every</u> responsive communication. Defendant's failure to do so is especially worrisome since Defendant admits that the police raided his apartment in 2008 and that he lost his nursing license due to fraud he claims his stepfather committed. Defendant has yet to identify a single communication with his stepfather about either event.

Interrogatory No. 18 asks Defendant to describe each credit account maintained in his name within the last two years. Defendant could have (and should have) responded to this interrogatory without objection. <u>Id</u>. Rather than <u>respond</u>, Defendant tried to dissemble by claiming that records from 10 years ago are not available.

There is no <u>legitimate</u> reason (or excuse) for Defendant: (a) failing to serve <u>full, complete and straightforward</u> responses to these interrogatories a year ago; (b) couching his responses in page after page of boilerplate; or (c) forcing Plaintiff to meet and confer for more than half a year.

If Defendant believed otherwise, he would have tried to defend the responses based on the language of the Federal Rules. The fact that Defendant (and Mr. Cohen) failed should tell the Court everything it needs to know.

Nor is Plaintiff required to "depose" Defendant <u>in lieu of</u> full, complete and straightforward responses to these interrogatories. To the contrary, Plaintiff is entitled to Defendant's responses <u>before</u> it deposes him, and it is not required to "settle" for Defendant claiming he "does not know" or "does not recall" at a deposition.

## III.
## DEFENDANT DID NOT CHANGE ANY OF HIS RESPONSES TO THE INTERROGATORIES AT ISSUE IN THIS MOTION IN HIS "SECOND REVISED SUPPLEMENTAL RESPONSE" DATED DECEMBER 19, 2022

The meet and confer process regarding this Motion was <u>completed</u> on December 19, 2022 when Mr. Cohen signed and returned the joint stipulation for this motion to Plaintiff by e-mail.

The fact that Mr. Cohen <u>also</u> attached a document entitled "Second Revised Supplemental Response" to his e-mail is <u>irrelevant</u>.

Defendant does not get to force Plaintiff to "start over" by serving a "Second Revised Supplemental Response" <u>after</u> the Joint Stipulation has been <u>completed</u>, i.e., approved and signed.

Defendant and Mr. Cohen nonetheless (falsely) claim in the Opposition that Plaintiff "misled" the Court by "failing" to tell it about the "Second Revised Supplemental Response" in the Motion.

As usual, the <u>truth</u> is otherwise.

<u>First</u>, the name of the document ("Second Revised Supplemental Response") is <u>identical</u> to one that Mr. Cohen had served a few months earlier. Plaintiff therefore had no reason to suspect it was different, and Mr. Cohen never said it was different in his e-mail. (Augustini Reply Dec., ¶18.)

<u>Second</u>, the "Second Revised Supplemental Response" dated December 19, 2022 appears to contain the same objections as the previous version, thereby belying Mr. Cohen's claim that he had removed them. (Cohen Opp Dec., Ex. 23; Augustini Reply Dec., ¶18)

<u>Third</u>, the "Second Revised Supplemental Response" dated December 19, 2022 does not appear to change any of Defendant's responses to any of the interrogatories at issue in this Motion, i.e., Special Interrogatory Nos. 3, 11, 12, 13, 14 and 18. (Augustini Reply Dec., ¶18.)

The "Second Revised Supplemental Response" therefore is a red herring.

## IV.
## DEFENDANT'S CLAIMS REGARDING THE "SECOND REVISED SUPPLEMENTAL RESPONSE" ARE DEMONSTRABLY FALSE

Defendant and Mr. Cohen falsely claim that there was "no communication" between the parties regarding Plaintiff's interrogatories between May 9, 2022 and December 2022. (Opp. at pp. 12-13.)

The <u>truth</u>, as demonstrated in Joint Stipulation and Moving Declaration of Rick Augustini, is that:

- Plaintiff transmitted its portion of the Joint Stipulation to Mr. Cohen on <u>June 24, 2022</u>;
- Mr. Cohen responded by claiming that he was "unable" to comply with Local Bankruptcy Rule 7026-1 even though he admitted being "able" to work on <u>other</u> matters;[5]
- Mr. Cohen did not submit his portion of the Joint Stipulation to Plaintiff until a month later on <u>July 26, 2022</u>.

(Augustini Moving Dec., ¶¶34-38, Exs. 25-27.)

It therefore is clear that Mr. Cohen therefore is playing "fast and loose" with the truth (again) in the hope of muddying the water and avoiding the imposition of <u>additional</u> sanctions.

## V.
## THE REST OF THE OPPOSITION IS AN EXERCISE IN DISTRACTION

Realizing that Defendant cannot justify their failure to provide <u>full, complete and straightforward</u> responses to basic discovery, Defendant and Mr. Cohen devote <u>more than half of the Opposition</u> to mock outrage aimed at Plaintiff and the attorneys in the underlying fraud action for "failing" to retain the underlying files regarding a 15-year old case.

Defendant goes so far as to accuse his former attorney, Christopher Skorina, who, when it is convenient, he claims never actually represented him, of violating his ethical obligations by "failing" to retain the case files even though: (a) the Rules of Professional Conduct do not say how long attorneys have to retain client files; and (b) the Bankruptcy Appellate Panel appears to have settled on 5-years. <u>Ramirez v. Fuselier</u>, 183 B.R. 583, 587, n. 3 (9th Cir. BAP 1995).

Then, with his next breath, Defendant claims that the passage of time excuses <u>his</u> failures to retain (or produce) documentary evidence because "over a period of 15 years, memories fade, witnesses and documents disappear." (Opp. at 16:22-23.)

In other words, there are two sets of rules, i.e., one for Defendant and one for everyone else, and everyone but Defendant is to blame.

---

[5] As explained in Section I, this is <u>exactly the same thing</u> that caused Judge Smith to sanction Mr. Cohen the last time around. (Augustini Reply Dec., ¶¶6-9 and Ex. 1; Docket No. 54.)

Defendant also expects the Court to believe that:

- He did not know anything about the underlying fraud even though <u>tens of thousands of stolen dollars</u> were deposited into (and withdrawn from) <u>his</u> bank account;
- He did not learn about the fraud judgment for <u>more than a decade</u> even though it would have been listed on his credit report;
- He never received the summons and complaint in the fraud action even though they were served where he received his mail;
- His attorney in the fraud action, i.e., Mr. Skorina, was not "really" his attorney; and
- He never tried to find out (or asked his stepfather) why the police raided his apartment in 2008 or why his nursing license was revoked even though he knew it was related to his stepfather's alleged fraud.

Simply put, Defendant will say <u>anything</u> to avoid the fraud judgment, and Mr. Cohen will say <u>anything</u> to muddy the water in the hope of avoiding the imposition of <u>additional</u> sanctions.

The most egregious (and shameless) example of this is their outrageous claim that Plaintiff and its attorney, Mr. Augustini, "disrespected" Mr. Cohen's "health" and/or his religious commitments.

As Mr. Augustini has explained in his Reply Declaration, the <u>truth</u> is that:

- Plaintiff has gone out of its way to respect Mr. Cohen's religious commitments by, among other things: (a) not serving (or setting) anything on any of the holidays that Mr. Cohen identified at the outset of this Action; and (b) not serving (or setting) anything for <u>several weeks</u> when Mr. Cohen claimed that he would be traveling;
- It is <u>Mr. Cohen</u> who: (a) previously tried to use his "health" as an excuse for not responding; (b) was excoriated by Judge Smith for misleading her (and wasting her time) by filing a "joint" Joint Stipulation that Plaintiff's attorney had not reviewed or approved; (c) <u>repeatedly</u> has served pleadings and/or discovery on <u>Sundays</u>; and (d) repeatedly and unreasonably demanded <u>immediate</u> responses whenever <u>he</u> wanted something; and
- It is <u>Mr. Cohen</u> who demanded that Plaintiff respond <u>within a few hours</u> to his threatened ex parte application for an order shortening time on December 23, 2022, i.e., <u>the Friday before Christmas</u>, and then told the Court that Plaintiff's attorney had "failed" to respond

when in fact he had responded on the first workday after Christmas, i.e., December 27, 2022; and

- It is Mr. Cohen who refused Plaintiff a short extension of time to respond to some written discovery that was due over Christmas unless Plaintiff agreed not to file this Motion.

(Augustini Reply Dec., ¶¶12-17.)

As the Court can see from Judge Smith's rulings, this kind of double-standard has been standard operating procedure for Defendant and Mr. Cohen from the beginning. (Id.)

Whenever Mr. Cohen wants something, he demands that Plaintiff comply immediately or else.

Whenever Mr. Cohen is supposed to act, however, he expects Plaintiff to blindly accommodate his "schedule."

## VI.
## WHERE, AS HERE, DEFENDANT AND MR. COHEN ARE REPEAT OFFENDERS, THE COURT SHOULD AWARD THE FULL AMOUNT OF SANCTIONS

This is the second time that Defendant and Mr. Cohen have decided to run up Plaintiff's fees and costs by stringing it along for the better part of a year rather than provide full, complete and straightforward responses to basic written discovery.

There is no excuse for it, especially after Judge Smith ordered them to pay sanctions of $25,000.00 in connection with Plaintiff's motion to compel further responses to its first request for production of documents.

Defendant and Mr. Cohen forced Plaintiff to incur the fees and costs referenced in the moving papers, and they are "repeat offenders" who the Court will be rewarding if it awards anything less than the full amount of the sanctions requested.

Dated: January 13, 2023    LAW OFFICE OF RICK AUGUSTINI

By: s/Rick Augustini
Rick Augustini
Attorney for Plaintiff
ONSITE NURSE CONCIERGE, LLC

## **Declaration of Rick Augustini**

1. I am the attorney of record for Plaintiff in this action. I have personal knowledge of the following facts and could testify thereto if called upon to do so.

2. On December 22, 2021, I attempted to meet and confer with Mr. Cohen regarding Defendant's response to Plaintiff's first request for production of documents by sending him a letter by e-mail.

3. Mr. Cohen failed to respond for several weeks, so I proceeded to file a motion to compel further responses to Plaintiff's first request for production of documents and a unilateral joint stipulation wherein I advised Judge Smith in relevant part that: "Plaintiff has filed the Statement unilaterally since Defendant … ignored its effort to meet and confer in violation of Local Bankruptcy Rule 7026-1(c)…"

4. In his Opposition, Defendant sought sanctions against me based on Mr. Cohen's claim that I should have followed up with him <u>again</u> after he failed to respond to my meet and confer letter. Mr. Cohen also claimed that he had failed to respond to my meet and confer letter due to a "health issue." (<u>See</u> Docket No. 10.)

5. In my reply, I provided Judge Smith with evidence that Mr. Cohen <u>repeatedly</u> had taken <u>offensive action</u> during the time he claimed that his "health issue" had prevented him from responding to my meet and confer letter. (<u>See</u> Docket No. 11.)

6. At the hearing on March 3, 2022, Judge Smith rejected Mr. Cohen's claim that I was required to "follow up" with him after he ignored me and found that Mr. Cohen had been "active" during the time he claimed that his "health issue" had prevented him from responding to my meet and confer letter. Judge Smith ultimately continued the hearing and reserved on the issue of sanctions. A true and correct copy of Judge Smith's tentative ruling is attached as **Exhibit 1**.

7. Judge Smith ultimately heard Plaintiff's motion to compel further responses to its first request for production of documents on August 11, 2022.

8. A few minutes into the hearing, Judge Smith realized that she had prepared for the hearing by reviewing a "Joint Stipulation" that Mr. Cohen had filed with my electronic signature on it even though <u>I had not reviewed or approved it</u>.

9. Judge Smith became very upset with Mr. Cohen, and after extensive argument, she ultimately granted Plaintiff's motion and ordered Defendant and Mr. Cohen to pay sanctions of $25,000.00. (See Docket No. 54.)

10. Unfortunately, this type of thing, i.e., claiming to be "unable" and/or "unavailable" to respond while always "finding" the time to take offensive action, has been standard operating procedure for Mr. Cohen throughout this case.

11. The same is true for projection, i.e., falsely accusing me of whatever bad act Mr. Cohen has committed and/or is trying to commit.

12. For example, Mr. Cohen has falsely accused me of filing a Joint Stipulation that he had not "approved" when the truth is that:

- Mr. Cohen notified me by e-mail that he approved the Joint Stipulation on December 19, 2022;
- The only "additions" that I made to the Joint Stipulation were the hearing date and the dollar amount of sanctions, which I did not know until the Motion was ready to file;
- Mr. Cohen is the one who filed a Joint Stipulation that I had not reviewed or approved.

13. Mr. Cohen has falsely accused me failing to respect his health and/or his religion when the truth is that:

- I have gone out of my way to respect Mr. Cohen's religious commitments by, among other things: (a) not serving (or setting) anything on any of the holidays that Mr. Cohen identified at the outset of this Action; and (b) not serving (or setting) anything for several weeks while Mr. Cohen claimed to be traveling; and
- Mr. Cohen is the one who repeatedly and unreasonably has demanded immediate responses and taken offensive actions on Sundays.

14. Most recently, on December 23, 2022, i.e., the Friday before Christmas, Mr. Cohen demanded that I respond within a few hours to his threatened ex parte application for an order shortening time, filed an application the following business morning and told the Court that I had "failed" to respond.

15. The truth was that at 9:56 a.m. on December 27, 2022, i.e., before he realized that Mr. Cohen had filed his ex parte application, Plaintiff's attorney wrote in relevant part: "As you probably have surmised, I was out of the office and not checking emails due to the Christmas holiday. [¶] I nonetheless am willing to discuss continuing the hearing to the following week provided that my client is not prejudiced. [¶] I will be back in the office tomorrow."

16. Mr. Cohen also neglected to tell the Court in his application that he had refused to grant Plaintiff a short extension of time to respond to some written discovery that was due over Christmas unless Plaintiff agreed not to file this Motion:

> …[T]he upcoming holidays should pose no challenge to responding to [Defendant's] discovery properly…[¶] Once you confirm in writing that Plaintiff will not pursue the frivolous motion to compel the interrogatories/sanctions, then Plaintiff can have a 1-week extension to respond.

17. I did not respond to the ex parte application because LBR 9075-1(b)(6) says that applications for orders shortening time will be determined ex parte by the court on the basis of the documents submitted with the application, i.e., opposition based on anything other than a lack of notice is not allowed.

18. Mr. Cohen also falsely claims that I "misled" the Court by "failing" to mention the "Second Revised Supplemental Response" that he had attached to his e-mail of December 19, 2022 when the truth is that:

- The meet and confer process regarding this Motion was completed on December 19, 2022 when Mr. Cohen signed and returned the joint stipulation to me by e-mail;
- The name of the document ("Second Revised Supplemental Response") is identical to one that Mr. Cohen had served a few months earlier;
- I therefore had no reason to suspect it was different, especially since Mr. Cohen never said it was different in his e-mail;
- The "Second Revised Supplemental Response" dated December 19, 2022 appears to contain the same objections as the previous version; and

12
REPLY IN CONNECTION WITH MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

- The "Second Revised Supplemental Response" dated December 19, 2022 does not appear to change any of Defendant's responses to any of the interrogatories at issue in this Motion, i.e., Special Interrogatory Nos. 3, 11, 12, 13, 14 and 18.

I declare under penalty of perjury under laws of the United States of America that the foregoing is true and correct. Executed on January 13, 2023 at Nashville, Tennessee.

                               s/Rick Augustini
                               _____
                               Rick Augustini

Exhibit 1

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, March 3, 2022**                                                                 Hearing Room    5A

2:00 PM
**8:21-11483    Ernest Mikhail Alfon**                                                        Chapter 7
Adv#: 8:21-01084    Onsite Nurse Concierge, LLC v. Alfon

  **#23.00**    Hearing RE: Plaintiff's Motion to Compel Further Responses to First Request for Production of Documents Propounded to Defendant Ernest Mikhail Alfon and Request for Sanctions

                                        Docket    8

**Courtroom Deputy:**
    - NONE LISTED -

**Tentative Ruling:**

**March 3, 2022**

Continue this hearing to May 12, 2022 at 2:00 p.m. The parties are ordered to meet and confer pursuant to LBR 7026-1(c) by telephone, in-person, or by video conference no later than March 25, 2022.  If the discovery dispute is not resolved through the meet and confer process, Plaintiff shall serve Defendant with its portion of the required stipulation no later than March 24, 2022. Defendant shall return the stipulation with his portion of the stipulation no later than April 14, 2022. Plaintiff shall file the joint stipulation no later than April 28, 2022. Plaintiff may also file a reply to Defendant's portion of the joint stipulation no later than April 28, 2022.

Basis for the Tentative Ruling:

1.  The court finds that Plaintiff satisfied the requirement of attempting to schedule a meet and confer by its letter of December 22, 2021 in accordance with LBR 7026-1(c)(2).  This rule does not require follow-up or multiple attempts as suggested by Defendant.  According to the record, Defendant never formally responded to the December 22, 2021 meet and confer request.

2.  Defendant has argued that he did not respond to the meet and confer request due to health concerns of his counsel.  Plaintiff's point is well-taken

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, March 3, 2022**                                                                 **Hearing Room    5A**

2:00 PM
**CONT...        Ernest Mikhail Alfon                                                                    Chapter 7**

that counsel managed to continue to work on the case in the two weeks following the service of the December 22, 2021 letter. That said, the court will give Defendant's counsel the benefit of the doubt. However, the requirement of a meet and confer will not be waived as indicated in the tentative ruling.

3. The court interprets LBR 7026-1(c)(3) as requiring a joint filing *if* the parties are not able to resolve the discovery dispute through the meet and confer process. As no meet and confer took place in this matter, Plaintiff had no subsequent responsibility to serve Defendant with its portion of the joint stipulation.

4. The court will not consider the Motion absent a joint stipulation being filed pursuant to LBR 7026-1(c) (3) or a declaration re non-cooperation filed pursuant to LBR 7026-1(c)(3)(C). Note that the court has expanded the time for the parties to prepare their respective portions of the stipulation. The court expects each party to strictly comply with LBR 7026-1(c)(3)(A) and (B).

5. The court will take up the issue of sanctions pursuant to LBR 7026-1(c)(4) at the May 12, 2022 hearing.

*SPECIAL NOTE TO THE PARTIES: A pleading that is filled with vitriol and invective regarding the opposing party is patently unpersuasive to the court and undermines the credibility of its author.*

**Note: If both parties accept the tentative ruling, appearances at this hearing are not required and Plaintiff shall lodge an order consistent with the same.**

|     | **Party Information** |     |
| --- | --- | --- |

**Debtor(s):**

   Ernest Mikhail Alfon                              Represented By
                                                           James D. Hornbuckle

**Defendant(s):**

   Ernest Mikhail Alfon                              Represented By
                                                         Baruch C Cohen

# United States Bankruptcy Court
# Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

**Thursday, March 3, 2022**             Hearing Room    5A

<u>2:00 PM</u>
**CONT...     Ernest Mikhail Alfon**                                **Chapter 7**

    **Plaintiff(s):**

       Onsite Nurse Concierge, LLC         Represented By
                                                      Rick Augustini

    **Trustee(s):**

       Thomas H Casey (TR)                 Pro Se

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 320 Seven Springs Way, Suite 250, Nashville, TN 37027

A true and correct copy of the foregoing document entitled (*specify*): PLAINTIFF'S REPLY IN CONNECTION WITH MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES PROPOUNDED TO DEFENDANT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 13, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Thomas H. Casey, Trustee: thc@trustesolutions.net
Baruch C. Cohen: Attorney for Debtor: bcc@BaruchCohenEsq.com
United States Trustee: ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Rick Augustini | s/Rick Augustini |
|---|---|
| *Date* January 13, 2023   *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**