FILED & ENTERED

JAN 18 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Ernest Mikhail Alfon<br><br>Debtor(s). | Case No.: 8:21-bk-11483-SC<br><br>CHAPTER 7<br><br>Adv No: 8:21-ap-01084-SC<br><br>**ORDER: (1) REGARDING STIPULATION TO DISCOVERY DISPUTE [DK. 62]; (2) REGARDING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES PROPOUNDED TO DEFENDANT ERNEST MIKHALF ALFON AND REQUEST FOR SANCTIONS [DK. 61]; (3) VACATING HEARING** |
| Onsite Nurse Concierge, LLC<br><br>    Plaintiff(s),<br>    v.<br><br>Ernest Mikhail Alfon<br><br>    Defendant(s). | **Hearing to be Vacated**<br>Date:     January 23, 2023<br>Time:    9:30 AM<br>Courtroom: 5C |

-1-

The Court, having considered the Stipulation and Plaintiff's Motion To Compel Further Responses To First Set Of Special Interrogatories Propounded To Defendant Ernest Mikhalf Alfon And Request For Sanctions ("Motion") filed December 23, 2022 [Dks. 62 and 61, respectively], and all related pleadings and the docket as a whole, and finding that this matter is appropriate for disposition without a hearing, finds good cause to DENY the Motion, REQUIRE the production of a verified supplemental response as amended herein, and VACATE the hearing.

### I. Background

Plaintiff filed an adversary complaint on September 7, 2021, seeking the Court's determination that debt related to a judgment issued by the Orange County Superior Court in 2009 against Defendant and his stepfather (which debt now totals approximately $1.300,000), for fraudulent behavior allegedly occurring in the years 2006 and 2007, is non-dischargeable. Defendant filed an answer on October 18, 2021, asserting that Defendant, who was 19 years old at the time in question, was defrauded by his stepfather, who unbeknownst to Defendant was engaging in a myriad of fraudulent behavior, including the forging of Defendant's signature on false timecards, checks, and state court documents, among others.

On December 28, 2021, Plaintiff served Defendant with 28 special interrogatories. Defendant responded on January 19, 2022, including an allegedly improper prefatory statement[1], incomplete responses, and frivolous boilerplate objections into each response. After multiple failed efforts to meet and confer, Defendant allegedly responded again with two separate supplemental responses, which contained objections as well as Defendant's responses to the requested interrogatories.[2] Plaintiff asserts that Defendant's supplemental responses remain deficient.

---

[1] While this Court is well-versed in how to handle "prefatory statements," and boilerplate objections at trial, should the matters arise there, the Court need not opine on such topics here. Further, Defendant has agreed to remove the prefatory statement in his revised supplemental response.

[2] A full history of the facts of the interrogatories at issue in this case can be found in the relevant pleadings.

Plaintiff's Motion requests an order deeming all of Defendant's objections waived, compelling Defendant to produce supplemental responses to Special Interrogatories Nos. 3, 11, 12, 13, 14, and 18, and requiring Defendant and his attorney of record to pay monetary sanctions to Plaintiff.

## II.     Ruling

Though the Court is particularly troubled by the mutual lack of cooperation[3] and tone of the communications between counsels, Plaintiff has not met its burden in demonstrating that the relief requested in warranted; however, the Court notes that the Defendant has conceded to various revisions which should be provided in a succinct and verified format. Accordingly, the Court enters the following order:

1. The Motion is DENIED.
2. Defendant is required to submit a verified supplemental response to Plaintiff which does not contain the objected to "prefatory statement" or other objections conceded by Defendant in the stipulation and other related pleadings by January 31, 2023.

IT IS SO ORDERED.

Date: January 18, 2023

Scott C. Clarkson
United States Bankruptcy Judge

---

[3] Plaintiff's refusal to schedule the deposition of Defendant is particularly confusing to this Court.